

Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW | Washington, DC 20036 | tel 202.663.8000 | fax 202.663.8007

William M. Bosch
tel: +1.202.663.9392
william.bosch@pillsburylaw.com

January 30, 2023

<u>Via ECF</u>

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007 - 1312

Re:   *Christine Levinson et al v. Citibank N.A.*, Case No. 21-CV-04795-LAP

Dear Judge Preska,

On behalf of the Estate of Russell Frost[1] and his immediate family, Waiel El-Maadawy and his immediate family, the Estate of John Hamen and his immediate family, Mark McAlister and his immediate family, and Amr Mohamed (the "Proposed Intervenors"), we respectfully write to request a pre-motion conference to discuss an anticipated motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) or alternatively 24(b).

The Proposed Intervenors hold default judgments against the Islamic Republic of Iran pursuant to 28 U.S.C. § 1605A. The judgments were issued by the U.S. District Court for the District of Columbia. *See Hamen et al. v. Islamic Republic of Iran et al.*, Case No. 16-cv-01394-RDM ("Hamen Judgment"); *Frost et al. v. Islamic Republic of Iran*, Case No. 17-cv-00603-TJK ("Frost Judgment"). The D.C. District Court determined that a "reasonable period of time has elapsed since the entry of judgment" pursuant to 28 U.S.C. § 1610(c). As of today, the Hamen Judgment and the Frost Judgment (collectively, the "Judgments") remain unsatisfied.

---

[1] For the limited purpose of this letter, we have only added the Estate of Russell Frost as a party to the case docket. Should the Court allow the motion to intervene, we will add the other 29 movants individually.

January 30, 2023
Page 2

The Proposed Intervenors seek to enforce their Judgments against Iran and its assets pursuant to the Foreign Sovereign Immunities Act ("FSIA") and the Terrorism Risk Insurance Act ("TRIA"). To that end, the Proposed Intervenors have registered their Judgments in the Southern District of New York and delivered writs of execution to the U.S. Marshals.[2] They now seek to intervene in these turnover proceedings to secure their interest in the assets held at Citibank in the name of Kuwait Finance House (Malaysia) Berhad ("KFH Malaysia").

Pursuant to Rule 24(a)(2), intervention as a matter of right should be granted where the movant has (1) timely filed an application, (2) established an interest in the action, (3) shown that the interest may be impaired by the disposition of the action, and (4) shown that the interest is not protected by the existing parties. *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2nd Cir. 2022). Each of these elements is satisfied here.

*First*, the anticipated motion is timely. The Proposed Intervenors learned about these sealed turnover proceedings after the Court of Appeals for the Second Circuit published an opinion on August 11, 2022 (Case No. 21-2043) ("Appellate Opinion"), informing the public that on July 21, 2022, it had vacated this Court's prior writ of execution against Citibank. Intervention is being sought approximately five months after the Appellate Opinion was published, and within one month of retaining counsel, which is an acceptable amount of time in this District. *See, e.g.*, *S.E.C. v. Credit Bancorp, Ltd.*, 2000 WL 1170136, at *2 (S.D.N.Y. August 16, 2000).

Intervention, moreover, would not prejudice the existing parties since the Appellate Opinion vacated the writ against Citibank, and remanded the case for a determination of certain antecedent issues that have yet to be decided. If permitted to intervene, the Proposed Intervenors would be joining the case essentially where it stood before the case was appealed to the Second Circuit. Our understanding is that the case is roughly in the same procedural posture it was in eighteen (18) months ago when the issuance of a writ of execution was appealed to the Second Circuit.

By contrast, the Proposed Intervenors would be significantly prejudiced if they are not permitted to intervene. They hold valid and certified Judgments against Iran, and are entitled to enforce those Judgments against Iran's assets, including those assets that are subject to this turnover proceeding. Denying intervention would restrict the Proposed Intervenors' ability to enforce their Judgments. *See Deborah D. Peterson v. Islamic Republic of Iran*, Case No. 10-cv-04518, ECF No. 398, Memorandum

---

[2] *See* Case No. 23-mc-00004 (Hamen) and Case No. 23-cm-00005 (Frost).

January 30, 2023
Page 3

Opinion and Order (S.D.N.Y. May 10, 2013) (Preska, J. presiding). This is especially true given that these proceedings are sealed. Furthermore, the Proposed Intervenors understand from counsel for Plaintiffs that the reason this matter is under seal is itself under seal.

*Second*, the Proposed Intervenors have a substantial interest in these proceedings that may be impaired if they are not allowed to intervene. The assets held by Citibank in the name of KFH Malaysia are alleged to be blocked assets of Iran or an agency or instrumentality of Iran subject to forfeiture under the FSIA and the TRIA. The Proposed Intervenors have an interest in those assets, which would be significantly, if not fully, depleted should the Levinsons be permitted to enforce their judgments to the exclusion of other creditors.

*Finally*, the Levinsons and their counsel cannot adequately represent the Proposed Intervenors' interest. The Levinsons seek to satisfy their judgments using KFH Malaysia's assets. To the extent those assets are not sufficient to satisfy the Proposed Intervenors' Judgments and the Levinsons' judgments, the Levinsons will seek to maximize their recovery to the exclusion or detriment of any recovery for the Proposed Intervenors. Unless the Proposed Intervenors are permitted to intervene, no one will adequately represent their interests in KFH Malaysia's assets.

In the alternative, the Proposed Intervenors would request this Court to grant them permissive intervention pursuant to Rule 24(b). As discussed, the Proposed Intervenors are prepared to file a timely motion to intervene for purposes of pursing a claim or defense that shares with the main action a common question of law. Fed. R. Civ. P. 24(b). *See Francis Gates et al. v. Syrian Arab Republic et al.*, Case No. 11-cv-08715, ECF No. 34 (N.D. Ill. February 15, 2012). Accordingly, there is more than sufficient basis for intervention by right and by permission of the Court.

For the foregoing reasons, we respectfully request that this Court permit the Proposed Intervenors to file a motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) or 24(b).

Respectfully,

/s/ William M. Bosch

January 30, 2023
Page 4

                                              William M. Bosch
                                              Partner

cc: all counsel of record