UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE LEVINSON, as Conservator of the ESTATE AND PROPERTY OF ROBERT LEVINSON, CHRISTINE LEVINSON, SUSAN LEVINSON BOOTHE, STEPHANIE LEVINSON CURRY, SARAH LEVINSON MORIARTY, SAMANTHA LEVINSON, DANIEL LEVINSON, DAVID LEVINSON, AND DOUGLAS LEVINSON, <br><br> Plaintiffs, <br><br> v. <br><br> CITIBANK, N.A., <br><br> Defendant. | Case No. 21-cv-4795 (LAP) <br><br> [~~PROPOSED~~] **JOINT STIPULATION AND PROPOSED PROTECTIVE ORDER** |

This matter comes before the Court in the above-captioned case by stipulation of the Plaintiffs, Intervenor-Defendant, and Defendant (together, "Parties") for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence (the "Order"). Having found that the Parties by, between, and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS HEREBY ORDERED THAT:

A. **Purpose**: Disclosure and discovery activity in the above-captioned action (the "Litigation") is likely to involve the production and filing of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation will be warranted. This Order is being entered into to facilitate the production, exchange, discovery, and disclosure of documents and information, including but not

1

limited to privileged or protected documents that are inadvertently produced or information and that merit confidential treatment. This Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production, and any other information or material produced, given, or exchanged by and among the Parties and any non-parties to the Litigation in connection with court filings and discovery in the Litigation.

B. **Definitions**

1. "Party" or "Parties" means any party to this Litigation and its affiliates, including all of its officers, directors, employees, consultants, retained experts, legal guardians, conservators, guardians ad litem, and Outside Counsel (and their support staff).

2. "Disclosure Material" means, but is not limited to, all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including but not limited to documents, testimony, transcripts, or tangible things), that is filed in connection with this Litigation.

3. "Discovery Material" means, but is not limited to, all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including but not limited to documents, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this Litigation.

4. "Producing Party" means a Party or non-party that produces Disclosure Material or Discovery Material in this Litigation.

5. "Receiving Party" means a Party or non-party that receives Disclosure Material or Discovery Material from a Producing Party.

6. "Designating Party" means a Party or non-party that designates Disclosure Material or Discovery Material as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" pursuant to Section D of this Order.

7. "Protected Information" means all Disclosure Material or Discovery Material, or portions thereof, as well as any copies, summaries or abstracts thereof, which have been designated by the Designating Party as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only," pursuant to Section D of this Order.

8. "Outside Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party in connection with this Litigation.

9. "Counsel of Record" means Outside Counsel who have entered an appearance in *Levinson et al. v. Citibank N.A.*, 21 Civ. 4795 (LAP) or in *Levinson et al. v. The Bank of New York Mellon, et al.*, 22 Civ. 1913 (LAP).

10. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in this Litigation. This definition includes professional jury or trial consultants retained in connection with this Litigation.

11. "Professional Vendors" means persons or entities (including and their employees and subcontractors) that provide litigation support services (*e.g.*, document collection, processing, and storage; photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; etc.).

12. "Privileged Documents" means documents that a Producing Party believes constitute, contain, or reflect information otherwise protected by the attorney-client privilege, the

common interest privilege, the work product doctrine, or any other privilege or immunity from discovery.

C. **Use of Disclosure and Discovery Material**: All Disclosure Material and Discovery Material (or any copies, summaries, or abstracts thereof) shall be used by a Receiving Party solely for the purpose of conducting this Litigation (including for purposes of mediating or otherwise attempting to settle this Litigation) or the enforcement of insurance rights with respect to this Litigation, and for no other purposes.

D. **Designating Protected Material**

1. A Producing Party may designate information or items for protection as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" under this Order if it has a good faith basis for the designation.

2. "Confidential" information means Disclosure Material and Discovery Material that constitutes and/or contains (i) any trade secret or other confidential research, design, development, financial, or commercial information; (ii) personal or other sensitive information; (iii) information subject to Malaysian foreign legal restrictions, including, but not limited to, bank secrecy and data privacy laws (e.g., the Islamic Financial Services Act of 2013); or (iv) similarly confidential or sensitive information.

3. "Highly Confidential" information means Disclosure Material and Discovery Material with respect to which a Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of significant harm to an individual or to the business or competitive position of the Designating Party or similar concern if the particular documents and information it designates as "Highly Confidential" are disclosed to, disseminated to, or used by any person not enumerated in Section E(2).

4. "Attorneys' Eyes Only" information means particularly sensitive Disclosure Material and Discovery Material with respect to which a Party believes in good faith that, despite the provisions of this Protective Order, there is a serious risk of physical harm to any person, harm to the personal security of any person, or loss of the freedom of movement of any person if the particular documents and information designated as "Attorneys' Eyes Only" are disclosed to, disseminated to, or used by any person not enumerated in Section E(3).

5. Each Designating Party that designates information or items for protection under this Order will take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or do not qualify for the level of protection initially asserted, that Designating Party will promptly notify all other Parties that it is withdrawing or changing the mistaken designation.

6. In the case of documents, interrogatory answers, responses to requests to admit, electronically stored information (other than that produced in native form), and the information contained therein, designation shall be made by marking or stamping each page as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" as appropriate. As appropriate, electronically stored information produced in native format (if any) shall include any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" designation in the file name or in a confidentiality metadata field, and material produced in a non-paper media (e.g., videotape, audiotape, computer disc, thumb drive, or other physical media) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

7. All depositions shall presumptively be treated as Confidential Information subject to this Order during the deposition and until thirty (30) days after the expiration of the period to submit an errata sheet, unless otherwise specified in writing or on the record of the

deposition by the Designating Party. At or before the end of such thirty (30) day period, the deposition, or testimony therein, may be designated as Confidential Information, Highly Confidential Information, or Attorneys' Eyes Only Information by any Party or by a non-party providing deposition testimony. Notice of such designation shall be made in writing to the court reporter, with copies to counsel for the Parties, specifying the portion(s) of the transcript and exhibits that constitute or contain Confidential, Highly Confidential, or Attorneys' Eyes Only Information and are to be marked accordingly. Transcripts containing testimony or exhibits designated as containing Protected Information shall be marked by the court reporter with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL," "THIS TRANSCRIPT CONTAINS HIGHLY CONFIDENTIAL MATERIAL," and/or "THIS TRANSCRIPT CONTAINS ATTORNEYS' EYES ONLY MATERIAL" and shall be treated in accordance with the provisions of this Order.

   E. **Use and Disclosure of Protected Information**

    1. Except with the prior written consent of the Designating Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed by a Receiving Party to any person or entity except to:

     a. Outside Counsel for the Parties and their associated attorneys, paralegals, and other professional personnel (including support staff);

     b. The Receiving Parties, including (i) a guardian *ad litem* or conservator for any Party, (ii) a legal guardian of any Party, or (iii) any employee or director of a Party who is involved in overseeing or monitoring the Litigation or involved in an investigation of

- 6 -

the claims or defenses in the Litigation, including, but not limited to, in-house counsel of a Receiving Party;

  c. Expert Witnesses or non-testifying consultants who are employed or retained by a Party in connection with this Litigation, and members of the Expert Witnesses' or non-testifying consultants' staff or vendors working under the expert witnesses' or non-testifying consultants' supervision;

  d. Professional Vendors retained by the Parties or their counsel to furnish technical services in connection with this Litigation;

  e. an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

  f. any mediator or arbitrator engaged by the Parties to this Litigation;

  g. any other person specifically identified and agreed to in writing by the Parties;

  h. potential or actual trial, hearing, or deposition witnesses, and their counsel;

  i. the insurers and reinsurers of the Parties to this Litigation, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Litigation;

  j. the auditors and accountants of the Parties;

  k. Outside Counsel for the parties in Levinson et al. v. The Bank of New York Mellon, et al., 22 Civ. 1913 (LAP) (the "Related Case"), which Confidential Information may be used in connection with that case and treated as Confidential Information pursuant to Section E(1)(k) of the Protective Order entered in that case; and

  l. the Court and court personnel, subject to the requirement that the party seeking to disclose any Confidential Information, Highly Confidential Information, or

Attorneys' Eyes Only Information to the Court and court personnel file such Confidential Information, Highly Confidential Information, and Attorneys' Eyes Only Information, including summaries, descriptions, or abstracts thereof, under seal.

        2.      No disclosure of Highly Confidential Information may be made by the Receiving Party to any person or entity other than the persons and entities identified in Section E(1)(a), E(1)(c), E(1)(e), E(1)(g), and E(1)(*l*), and Outside Counsel for the parties in the Related Case (which Highly Confidential Information may only be used in connection with that Related Case and shall be treated as Highly Confidential Information pursuant to Section E(2) of the Protective Order entered in that Related Case). If attendance at a deposition can reasonably be expected by the Designating Party to reveal Highly Confidential Information, then, pursuant to Rule 26(c)(1)(E), persons not permitted to receive Highly Confidential Information shall not be present for such deposition.

        3.      No disclosure of Attorneys' Eyes Only Information may be made by the Receiving Party to any person or entity other than two attorneys from any firm who has been retained to represent a Party and who are also Counsel of Record as defined in B(9), E(1)(e), E(1)(g), and E(1)(*l*), and two attorneys from any firm who has been retained to represent a Party and who are also Counsel of Record as defined in B(9) for the parties in the Related Case (which Attorneys' Eyes Only Information may only be used in connection with that Related Case and shall be treated as Attorneys' Eyes Only Information pursuant to Section E(3) of the Protective Order entered in that Related Case). If attendance at a deposition can reasonably be expected by the Designating Party to reveal Attorneys' Eyes Only Information, then, pursuant to Rule 26(c)(1)(E), persons not permitted to receive Attorneys' Eyes Only Information shall not be present for such deposition. The Parties further agree to meet and confer in good faith regarding procedures to share Attorneys' Eyes Only Information with additional Counsel of Record and specified individuals identified in Section E(1)(c). If Kuwait Finance House (Malaysia) Berhad

- 8 -

encounters severe difficulty with respect to some particular piece of information, it shall confer with Plaintiffs and, if no agreement is reached, may then contact the Court.

4. All persons who are authorized to receive and are shown Protected Information by the Receiving Party pursuant to Section E(1)(c), (d), (g), (h), (i), (j), and (k) shall be provided a copy of this Protective Order prior to receipt of Protected Information, and shall execute a Declaration of Compliance in the form annexed as Exhibit A. If the Receiving Party is an entity, one person may execute the Declaration of Compliance on behalf of the entity and the person executing the Declaration of Compliance shall maintain a record of all persons employed by the entity on whose behalf such person executes the Declaration of Compliance who receive or are shown Protected Information. Counsel shall retain copies of the signed Declarations of Compliance and any record of persons employed by an entity who received access to Protected Information until final resolution of this Litigation, including appeals.

5. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately, after discovery of the disclosure, (a) notify the relevant Designating Party in writing of the unauthorized disclosure(s) and the identity of such persons(s) to whom Protected Information was disclosed, (b) inform the Unauthorized Recipient(s) of all the terms of this Order, and (c) request the Unauthorized Recipient(s) to execute the Declaration of Compliance in the form attached hereto as Exhibit A.

6. If any document previously filed in connection with the Litigation under seal that contains Protected Information is to be unsealed, the Designating Party shall have the opportunity to redact any Protected Information and any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Protected Information before it is made publicly available.

7. All persons who are authorized to receive or to be shown Confidential, Highly Confidential, or Attorneys' Eyes Only Information under this Order shall maintain such material in a manner that reasonably limits access to the persons authorized under this Order.

8. The Parties recognize and agree that the violation of or failure to comply with this Protective Order by any person to which this Protective Order applies is considered a violation of an order of this Court.

F. **Protected Material Subpoenaed or Ordered Produced to a Non-Party**: If any Receiving Party receives a subpoena, document production request or order from a non-Party to this Order seeking or requiring production or other disclosure of Protected Information produced by a Producing Party in this Litigation, that Party promptly shall, to the extent permitted by law:

1. notify Counsel for the Designating Party—in writing (by email, if possible) as promptly as reasonably possible and in no event more than five calendar days after receiving the subpoena or document production request—identifying the Protected Information sought and, to the extent permitted by law, enclosing a copy of the subpoena, request, or order;

2. promptly notify in writing the party and court (if applicable) that caused the subpoena, request, or order to issue that some or all of the material covered by the subpoena, request, or order is subject to this Order. Such notification shall include a copy of this Order; and

3. seek permission from the party or court that caused the subpoena, request, or order to issue to delay any compliance until such time as the Designating Party has had an opportunity to seek relief with respect to the subpoena, request, or order.

The Designating Party shall bear the burden and expense of seeking from the court from which the subpoena, request, or order issued protection of its Protected Information and nothing

in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive of another court.

G. **Subsequent Designation**: Any Disclosure or Discovery Material that may contain Protected Information that has been produced without designation as to its protected nature as provided in Section D of this Order, may be later designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party and accompanied by substitute copies of each document or thing appropriately marked as Confidential, Highly Confidential, or Attorneys' Eyes Only Information. To the extent such information may have been disclosed to anyone not authorized to receive Confidential, Highly Confidential, or Attorneys' Eyes Only Information, as applicable, the Receiving Party shall make reasonable efforts to retrieve the information promptly, or procure, as needed, an executed Declaration of Compliance in the form set forth in Exhibit A, and to avoid any further disclosure, in accordance with Section E(5), *supra*.

H. **Challenging Confidentiality Designation**: The Receiving Party may, at any time, notify the Designating Party that the Receiving Party does not concur in the designation of Disclosure or Discovery Material as Confidential, Highly Confidential, or Attorneys' Eyes Only. The Parties shall meet and confer in good faith regarding any such disagreement over the classification of Disclosure or Discovery Material and, if the Designating Party does not agree to change the designation of such Disclosure or Discovery Material, either Party may seek relief from the Court in an appropriate motion. If such a motion is filed, the Disclosure or Discovery Material shall be deemed Protected Information, with the same confidentiality designation as asserted by the Designating Party, unless and until the Court rules otherwise, and a 10-day period to move to

reconsider or appeal that ruling has expired without a motion to reconsider or an appeal or a petition for mandamus having been filed.

I.  **Privileged Documents**

1. To the maximum extent permitted by the law, the undersigned agree, and the Court orders, that the production of documents by a Producing Party shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) regarding production of documents, electronically stored information, or information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law. Pursuant to Federal Rule of Evidence 502(d), the attorney-client privilege or work-product protection is not waived by disclosure connected with this Litigation.

2. A Producing Party's disclosure in connection with this Litigation of one or more Privileged Documents shall not constitute, and may not be argued to constitute, a waiver of any applicable privilege or immunity with respect to such Privileged Documents or any other privileged documents or information. The Parties and their counsel do not intend by this Protective Order to waive their rights to any protection or privilege from disclosure, including but not limited to the attorney-client privilege and the attorney work product doctrine, all of which the Parties expressly reserve.

3. The procedure set forth below is intended to provide the Producing Party or any other party purporting to hold a privilege with an efficient method for "clawing back" privileged or protected information that has been produced, subject to any resolution of any dispute over the privileged or protected status of the information, and for foreclosing any arguments of waiver.

4. If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the common interest privilege, or otherwise protected by a discovery privilege or immunity, the Receiving Party shall immediately notify Outside Counsel for the

Producing Party, in writing, that he or she possesses material that appears to be privileged.

5.   In the event a Producing Party discovers it has disclosed Privileged Documents, the Producing Party may provide notice to Outside Counsel for the other Parties advising of the disclosure and requesting return of the Privileged Documents. Upon such notice, the Receiving Party and its Outside Counsel shall, consistent with Rule 26(b)(5)(B), promptly return or sequester all copies of the document(s) as required below.

6.   Upon receiving notice from a Producing Party or its Outside Counsel that it is requesting the return of Privileged Documents, the Receiving Party and its Outside Counsel shall immediately sequester all copies of the document(s) in a manner that will prevent further disclosure or dissemination of their contents.

   a.   Within five (5) days of receiving notice from a Producing Party or its Outside Counsel requesting the return of Privileged Documents, the Receiving Party and its Outside Counsel will notify Outside Counsel for the Producing Party in writing whether the Receiving Party intends to challenge the designation of the documents as Privileged Documents. If the Receiving Party intends to challenge the designation, the document(s) shall remain sequestered Pending Court resolution of the challenge, and the Receiving Party and its Outside Counsel shall view and use the document(s) at issue only to the extent necessary to challenge the privilege claim. The document(s) that the Receiving Party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.

   b.   If the Receiving Party does not intend to challenge the designation of the document(s) as Privileged Documents, the Receiving party and its Outside Counsel shall, within ten (10) days of receiving such notice of production of Privileged Documents, return all original hard copy documents identified by the Producing Party in such notice (and use reasonable efforts to destroy all accessible electronic copies), and shall expunge from any other documents, information or material derived from the produced Privileged Documents. To the extent the

- 13 -

Receiving Party provided any disclosed Privileged Documents to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve such Privileged Documents and notify the Producing Party, in writing, that it has done so.

7. The Parties shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention. To the extent the Parties cannot resolve the issue, a Party may seek relief from the Court. No Party, however, may assert as a ground for compelling production the fact or circumstance that the Privileged Documents had already been produced.

8. The Parties will serve a privilege log after the completion of production from which the documents were withheld or redacted consistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The Parties need not log documents created on or after October 1, 2019, that contain or constitute privileged communications to or from counsel, work product, or documents created at the request of counsel. Nothing in this Order prevents the Parties from meeting and conferring or negotiating separate agreements regarding privilege log creation, production, content, format, or related issues. The Parties reserve the right to raise privilege challenges concerning withheld material not required to be logged pursuant to this paragraph.

J. **Preservation of Rights and Privileges**: This Order has no effect upon, and shall not apply to, the Producing Parties' use of its own Disclosure Material or Discovery Material for any purpose. Nothing herein, nor the production of any documents or disclosure of any information pursuant to this Order, shall be (a) deemed to waive any privilege recognized by law; (b) alter the confidentiality of any such information; (c) deemed to waive any right a Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order; or (d) deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

K. **Scope and Modification of the Order**: The provisions of this Order shall be binding upon the Parties. All modification of, waivers of, and amendments to this stipulation must be in writing and signed by, or on behalf of, the Parties. This Order may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

L. **Duration**: The terms, conditions, and limitations of this Order shall survive the termination of this Litigation until a Designating Party agrees otherwise in writing or a court order otherwise directs.

M. Except to the extent that federal law may be applicable, this Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to its conflict-of-law principles. Any dispute arising under this Order shall be resolved by making an appropriate application to this Court in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the Court's Individual Practices.

N. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Party, or of experts or non-testifying consultants specially retained for this Litigation, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

Dated: May 5, 2023

/s/ Robert W. Hamburg (with consent)
Mark G. Hanchet
Christopher J. Houpt
Robert W. Hamburg
MAYER BROWN LLP
1221 Avenue of the Americas New York, NY 10020

*Attorneys for Intervenor-Defendant Kuwait Finance House (Malaysia) Berhad*

SO ORDERED
/s/ Loretta A. Preska
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

May 10, 2023

BY:

/s/ Charlotte H. Taylor
Steven T. Cottreau
Charlotte H. Taylor
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001

Fahad A. Habib
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

*Attorneys for Intervenor-Defendant Kuwait Finance House (Malaysia) Berhad*

/s/ Sharon S. Schneier (with consent)
Sharon S. Schneier
Mohammad Basim Pathan
DAVIS WRIGHT TREMAINE LLP
1251 6th Avenue 21st Floor
New York, NY 10020

*Attorneys for Defendant Citibank, N.A.*

/s/ Daniel W. Levy (with consent)
Daniel W. Levy
MCKOOL SMITH P.C.
One Manhattan West
395 Ninth Avenue
50th Floor
New York, NY 10001

/s/ J. Nixon Daniel (with consent)
J. Nixon Daniel
David L. McGee (*pro hac vice* application pending)
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502

*Attorneys for Plaintiffs*

- 16 -

**SO ORDERED.**

Dated: _____   _____
THE HONORABLE LORETTA A. PRESKA
United States District Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE LEVINSON, as Conservator of the ESTATE AND PROPERTY OF ROBERT LEVINSON, CHRISTINE LEVINSON, SUSAN LEVINSON BOOTHE, STEPHANIE LEVINSON CURRY, SARAH LEVINSON MORIARTY, SAMANTHA LEVINSON, DANIEL LEVINSON, DAVID LEVINSON, AND DOUGLAS LEVINSON,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITIBANK, N.A.,<br><br>　　　　　Defendant. | Case No. 21-cv-4795 (LAP) |

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My business address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in the above-referenced action (this "Litigation").

5. I have carefully read and understand the provisions of the Protective Order.

6. I agree to comply with all provisions of the Protective Order.

7. I will hold in confidence, and will not disclose to anyone not authorized under the Protective Order, any information, documents or other materials produced subject to this Protective Order.

8. I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this Litigation.

9. At the conclusion of my work on this matter, or upon request, I will return or destroy all information, documents, or other materials produced subject to this Protective Order, and all documents or things that I have prepared relating to the information, documents, or other materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I understand that sanctions may be entered for violation of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation.

Dated: _____    Signed: _____